ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO.: 15-cv-_____

NORMA LEWIS, ADMINISTRATRIX
of the ESTATE OF AGNES LEWIS, deceased,                                          PLAINTIFF

v.                                  **NOTICE OF REMOVAL**

BLC LEXINGTON SNF, LLC; and
BROOKDALE RICHMOND PLACE SNF (KY),                                              DEFENDANTS

* * * * * * * * * * * * * * * *

  Defendant, Brookdale Richmond Place SNF (KY), assumed name of BLC Lexington SNF, LLC, for its Notice of Removal from the Fayette Circuit Court to the United States District Court for the Eastern District of Kentucky, Lexington Division, states as follows:

  1. On August 31, 2015 Norma Lewis, Administratrix of the Estate of Agnes Lewis, deceased ("Plaintiff") filed a Complaint in the Fayette Circuit Court styled, *Norma Lewis, Administratrix of the Estate of Agnes Lewis, deceased v. BLC Lexington SNF, LLC and Brookdale Richmond Place SNF (KY),* Commonwealth of Kentucky, Fayette Circuit Court, Case No.: 15-CI-3232.

  2. The Complaint alleges Defendants were negligent in the care and treatment of Agnes Lewis. Plaintiff seeks to recover compensatory damages, as well as punitive damages against Defendants.

  3. Brookdale Richmond Place SNF (KY), assumed name of BLC Lexington SNF, LLC was served with the Summons and the Complaint on September 2, 2015.

4. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction.

5. Upon information and belief, Plaintiff is a resident and citizen of the Commonwealth of Kentucky.

6. Plaintiff's Complaint alleges that Defendant, Brookdale Richmond Place SNF (KY), assumed name of BLC Lexington SNF, LLC, is a foreign limited liability company organized under the laws of the State of Delaware, with its principal office located at 111 Westwood Place, Suite 200, Brentwood, TN 37027. See Plaintiff's Complaint at ¶¶ 5 and 6.

7. BLC Lexington SNF, LLC is a foreign limited liability company organized under the laws of the State of Delaware with its principal office located at 111 Westwood Place, Suite 200, Brentwood, TN 37027 and none of its members are residents or citizens of the Commonwealth of Kentucky.

8. Thus, the parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

9. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Fayette County, Kentucky is located within the jurisdiction of the United States District Court for the Eastern District of Kentucky, Lexington Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

10. Based upon the allegations raised in the Complaint attached hereto, including Plaintiff's demand for punitive damages, this matter in controversy exceeds $75,000.00 in

damages, exclusive of interest and costs. See Plaintiff's Complaint at ¶¶ 21, 27, 35, and 38.

11. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place where such action is pending." Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a). Plaintiff seeks punitive and compensatory damages as well as attorney fees. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount. See Plaintiff's Complaint at ¶¶ 21, 27, 35, and 38.

12. This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

13. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibit "A."

14. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served

upon all parties and a copy is being filed with the Circuit Court of Fayette County, Kentucky.

15. Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendant, Brookdale Richmond Place SNF (KY), assumed name of BLC Lexington SNF, LLC, at all times relevant hereto gives Notice of the removal of this action from the Circuit Court of Fayette County, Kentucky, to the United States District Court for the Eastern District of Kentucky in the Lexington Division.

Respectfully submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

*/s/ J. Peter Cassidy, III*
J. Peter Cassidy, III, Esq.
2452 Sir Barton Way, Ste. 300
Lexington, KY  40509
859-226-0057
859- 226-0059 – facsimile
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 21st day of September, 2015, upon:

M. Keith Poynter, Esq.
The Sampson Law Firm
450 S. Third St., 4th Fl.
Louisville, KY  40202

*/s/ J. Peter Cassidy, III*
ATTORNEY FOR DEFENDANTS